UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>ALEJANDRO MARTINEZ,<br><br>　　　　　　　Defendant. | Case No. MJ24-64 MLP<br><br>DETENTION ORDER<br>RULE 5 TRANSFER<br>SUPERVISED RELEASE VIOLATION |

Defendant Alejandro Martinez is charged with violations of supervised release in the Central District of California. The Court held a detention hearing on February 2, 2024, pursuant to Fed. R. Crim. P. 5(c)(2), 5(d)(3), 32.1(a)(6), and 18 U.S.C. §§ 3142, 3143, and based upon the reasons for detention as stated on the record and as hereafter set forth, finds:

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

1. The Court has jurisdiction to determine whether Mr. Martinez should be released or detained pending his appearance in the Central District of California pursuant to Federal Rule of Criminal Procedure 32.1 and 18 U.S.C. § 3143(a)(1). The Court also found on the record that Mr. Martinez presents a serious risk of flight pursuant to 18 U.S.C. § 3142(f)(2)(A). At the hearing, counsel for Mr. Martinez

DETENTION ORDER - 1

argued that this Court's local rule, CrR 5(h), prevented the Court from conducting a detention hearing unless the statutory factors in 18 U.S.C. § 3142(f)(1) or (2) were met. To read CrR 5(h) in this manner would render it in violation of the general rule that a Court's local rules may not contradict the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 57(a)(1) ("A local rule must be consistent with . . . federal statutes and rules adopted under 28 U.S.C. § 2072 . . . ."). Reading CrR 5(h) to alter the standard and burden for release or detention of an individual charged with a supervised release violation would run afoul of the Federal Rules of Criminal Procedure and the Bail Reform Act. Accordingly, the Court declines to read CrR 5(h) as applying to initial appearances in supervised release violations.

2. There is a rebuttable presumption of detention pursuant to Fed. R. Crim. P. 32.1(a)(6). The burden of establishing by clear and convincing evidence that Mr. Martinez will not flee or pose a danger to any other person or to the community rests with Mr. Martinez. The Court may release or detain Mr. Martinez pursuant to 18 U.S.C. § 3143(a)(1).

3. Mr. Martinez poses a risk of nonappearance based on noncompliance under supervision, absconding to another state, a history of evading, and a lengthy standoff leading up to his arrest.

4. Mr. Martinez poses a risk of danger based on a history of violence and weapon possession, a pattern of similar criminal activity, reported possession of a firearm and probably new criminal activity, gang association, and the nature of the outstanding warrant for homicide.

5. Based on these findings, and for the reasons stated on the record, there are no conditions or combination of conditions other than detention that will reasonably assure the appearance of Mr. Martinez as required or ensure the safety of the community, pending his initial appearance in the Central District of California.

IT IS THEREFORE ORDERED:

(1) Mr. Martinez shall be detained pending initial appearance in the Central District of California and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Mr. Martinez shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Mr. Martinez is confined shall deliver him to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for Mr. Martinez, to the United States Marshal, and to the United States Pretrial Services Officer.

Dated this 2nd day of February, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

VIOLATION - 3